## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

LARISSA PELUSO,                )
                              )
          Plaintiff            )
                              )
v.                            )          No. 2:22-cv-00299-NT
                              )
ABBOTT LABORATORIES,          )
                              )
          Defendant           )

### ORDER ON MOTION FOR SANCTIONS

In this employment discrimination case, Abbott Laboratories moves pursuant to 28 U.S.C. § 1927 for sanctions against Larissa Peluso's counsel for "continuing to pursue a claim" that Peluso "knowingly and voluntarily waived" by signing a severance agreement "in exchange for enhanced severance benefits" when she was laid off.  Motion (ECF No. 44) at 1.[1]  Abbott argues that Peluso's counsel brought the claim to gain leverage through harassment and increased litigation costs.  *See id.* at 2.   Abbott requests that Peluso's counsel be ordered to pay "$29,042.50 to compensate it for . . . preparing and litigating the sanctions issue and responding to discovery solely related to" the purportedly waived claim.  *Id.* at 16.

Peluso's counsel responds that after signing the severance agreement Peluso revoked it in accordance with its terms and therefore did not waive her claim.  *See* Opposition (ECF No. 53) at 7, 9-11.  He also asserts that even if Peluso did waive

---

[1] In its motion, Abbott seeks sanctions under section 1927 and "this Court's inherent power."  Motion at 9.  It notes, "While the legal standards are not identical, each of these sources authorizes this Court to sanction Plaintiff's counsel . . . ."  *Id.*  Nevertheless, it only sets forth the standards for imposing sanctions under section 1927, *see* Motion at 10-11, and makes no further reference to this Court's inherent power.  Accordingly, I will address its motion only under section 1927.

her discrimination claim relating to the layoff itself, her discrimination claim is still viable based on Abbott's later failure to recall or rehire her. *See id.* at 7. And finally, he points out that he ultimately agreed not to pursue Peluso's claim that her layoff was discriminatory after discovery revealed the weakness of that claim. *See id.* at 8.

Abbott counters that (1) the severance agreement could not be revoked, (2) even if the severance agreement could be revoked, Peluso's purported revocation was ineffective because it was sent to the wrong person and she continued to accept payments pursuant to its terms, and (3) Peluso's counsel should have at least agreed not to pursue the layoff portion of her discrimination claim much earlier in the case. *See* Reply (ECF No. 56) at 2-6.

Section 1927 provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs . . . reasonably incurred because of such conduct." The First Circuit has "stated that section 1927 does not apply to garden-variety carelessness or even incompetence, but instead requires that the attorney's actions evince a studied disregard of the need for an orderly judicial process, or add up to a reckless breach of the lawyer's obligations as an officer of the court." *Lamboy-Ortiz v. Ortiz-Vélez*, 630 F.3d 228, 245-46 (1st Cir. 2010) (cleaned up).

I find that Peluso's counsel's actions do not amount to a studied disregard of the judicial process or a reckless breach of his professional duties. The severance agreement seems to at least contemplate revocation, *see* ECF No. 44-4 at 19, there is no dispute that Peluso's counsel purported to revoke the agreement on her behalf,

*see* Motion at 5, and Abbott does not cite any authority that definitively resolves the revocation issue in its favor, *see id.* at 11-15.   There are certainly good reasons to question whether Peluso's revocation was effective, but that is not enough in these circumstances to show that Peluso's counsel's actions have risen to the level of unreasonable and vexatious.  *Cf. Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 531-32 (5th Cir. 2002) (noting that section 1927 sanctions should not be imposed against a "party that predicates its legal claim on a controversial and unsettled legal theory").   Similarly, Peluso's counsel's ultimate decision not to pursue the layoff discrimination claim does not strike me as an admission that he always knew the claim was frivolous but rather a commonplace concession of a weaker claim in the course of litigation.

For these reasons, Abbott's motion for sanctions is ***DENIED***.

### *NOTICE*

***In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.***

***Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.***

Dated: May 9, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge